# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDWARD O. ALLEN,

    Appellant,

v.

    Case No. 16-CV-1222-JPS

CHRISTOPHER C. FREUND,

    Appellee.

**ORDER**

    Appellant Edward O. Allen ("Allen") filed the instant appeal of a judgment of the bankruptcy court on September 12, 2016. (Docket #1). Prior to its reassignment to this branch of the Court on March 15, 2017, this matter was assigned to Judge Charles N. Clevert, Jr. Judge Clevert set a briefing schedule on December 1, 2016 (Docket #6), and after granting Allen an extension of time (Docket #10), Allen filed his first attempt at a principal brief on February 15, 2017. (Docket #12, #13, #14, #15). The brief was well over the length limit set by Federal Rule of Bankruptcy Procedure 8015. *See* (Docket #12) (motion for leave to file oversized brief); Fed. R. Bankr. P. 8015(a)(7). Because Allen had not provided good reasons for his professed need to file an over-length brief, Judge Clevert ordered him to submit a principal brief that complied with the briefing rules no later than February 24, 2017. *See* Feb. 16, 2017 Text-Only Order.

    When Allen failed to file his amended principal brief by that date, Judge Clevert ordered him to show cause why his appeal should not be dismissed. (Docket #16). Allen timely responded to that order with an amended brief that ostensibly complies with the word limit of Rule 8015. (Docket #17). He also filed a response to the show-cause order, explaining

that he was unable to comply with the Court's deadlines because he lives in California and has to contend with the pace of the U.S. Postal Service. (Docket #18).

The Court finds that the show-cause order should be discharged and the briefing in this matter should proceed apace. While the Court does not countenance Allen's attempt to foist blame for his failures onto the mail system—it is his appeal, after all, and it is his duty to prosecute it vigorously and to comply with the rules and orders of this Court—he has now filed what appears to be a compliant principal brief. This satisfies the Court that the appeal can proceed on the merits. Consequently, the Court will amend the remainder of the briefing schedule as detailed below.

The parties are warned that **no further extensions of time will be granted absent a clear showing of extraordinary circumstances**. Delays caused by the mail do not constitute extraordinary circumstances. Allen is further warned that the Court expects his reply brief, should he choose to file one, to comply with the briefing rules the first time. If it does not, he will not be afforded an opportunity to amend it; it will simply be stricken from the record and not considered by the Court.

Accordingly,

**IT IS ORDERED** that the Court's March 1, 2017 order to show cause (Docket #16) be and the same is hereby **DISCHARGED**; and

**IT IS FURTHER ORDERED** that this case shall proceed according to the following schedule unless otherwise ordered by the Court:

(1) Appellee shall serve and file his brief in response to Appellant's first amended brief (Docket #17) no later than **April 14, 2017**; and

(2) Appellant may serve and file a reply brief no later than **fourteen (14) days** after service of Appellee's brief.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge